THE CITY OF LANARK

v.

MICHAEL J. DOUGHERTY.

*Municipal Corporations—Negligence of—Defective Sidewalk—Personal Injuries—Care of Plaintiff—Evidence—Instructions—Exceptions.*

In an action brought against a municipality to recover damages received through a fall caused by a defective sidewalk, this court holds that the evidence was sufficient to establish the negligence of defendant, due care on the part of the plaintiff, and that the damages were not excessive.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Carroll County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. HOFFMAN & HUNTER, for appellant.

Messrs. O. F. Woodruff and W. H. A. Renner, for appellee.

Mr. Justice Harker. This was an action on the case to recover for injuries sustained in stepping into a hole in one of appellant's sidewalks. The jury returned a verdict in favor of appellee for $6,000, upon which the court, after over-ruling appellant's motion for a new trial, rendered judgment. Seeking a reversal of the judgment appellant contends that appellee at the time he received the injury was not using the sidewalk in a legitimate and proper manner; that upon the trial there was before the jury an improper and prejudicial exhibition and examination of appellee's injured limb; that the court erroneously instructed the jury as to the law, and that the damages are excessive.

The evidence in the record shows that the defect in the sidewalk was due to the breaking of a slat over an opening to admit light into a cellar window of a business house; that it was in a dangerous condition, and had been for months prior to the accident; that the plaintiff while passing along the sidewalk, about nine or ten o'clock in the evening, with two companions, stepped into the hole and sustained very serious and permanent injuries. We are of the opinion that appellee was using the sidewalk in a proper manner at the time, and was in the exercise of ordinary care and prudence. There was no impropriety in the exhibition of appellee's injured limb. The examination of it by the medical experts, in the presence of the jury, was not excepted to. There was an objection interposed to questions propounded to one of the medical experts and to his examination of appellee before a proper foundation was laid, but after the foundation was laid counsel for appellant stated to the court: " I understand, as far as this witness is concerned, he is at liberty to examine him without saying a word to anybody, and after he has made that examination and is put upon the witness stand for examination he may answer." After which appellee's eyes were blindfolded, and the physican afterward called as witness made the examination in the presence of

the jury, without objection or exception on the part of counsel for appellant. While some of the instructions complained of may be open to the criticism of assuming that the hole in the sidewalk was dangerous, yet inasmuch as the evidence shows beyond question that it was dangerous, and that the city was guilty of gross negligence in allowing it to so remain for a long time without repair, no harm was done appellant for that reason. After a careful examination of the evidence we do not see how the jury could have done otherwise than return a verdict against the city had those instructions been refused. We do not see any error of the court upon the trial which worked a prejudice to the appellant.

Before the appellee sustained the injuries complained of he was in perfect health, of strong physical organization, and in the full vigor of young manhood. By them he is rendered a cripple and invalid for life. As section foreman on the Chicago, Milwaukee & St. Paul Railroad, he was at the time receiving $45 per month. He spent over $800, the money saved from his earnings, for medical treatment, but without relief. The leg injured became emaciated and shriveled, and the other leg became affected, and he has been gradually growing more helpless. As the physicians treating him express it, his case is a " progressive one." He had suffered a spinal lesion. He had been unable to walk for more than a year immediately prior to the trial, and there is no hope of his recovery. Under the circumstances the damages awarded can not be considered as excessive.

There is no error in the record warranting a reversal of the judgment.

*Judgment affirmed.*